IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MANDIS BARROW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0251 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO GRANT
RESPONDENT DRETKE'S MOTION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS
TIME BARRED PURSUANT TO 28 U.S.C. § 2244(d)**

Petitioner MANDIS BARROW has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody, challenging the revocation of his state deferred adjudication probation. For the reasons hereinafter set forth, it is the recommendation of the undersigned United States Magistrate Judge that said petition is time barred and should be dismissed.

I.
PROCEDURAL HISTORY

Petitioner was indicted, in December of 1996, of the felony offense of robbery out of the 320th Judicial District Court of Potter County, Texas. On or about September 8, 1997, petitioner was given a ten (10) year deferred sentence and a $2000.00 fine. On May 10, 2000, the trial

court found petitioner had violated the terms of his release, adjudicated him guilty of the robbery offense, and sentenced him to twenty (20) years confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). Petitioner appealed the conviction and it was affirmed by the Texas Seventh Court of Appeals. *Barrow v. State*, No. 07-00-0280-CR (Tex. App. Amarillo June 4, 2001). On August 23, 2002, petitioner filed a state writ of habeas corpus which was denied by the Texas Court of Criminal Appeals on July 16, 2003. *Ex parte Barrow*, App. No. 54,074-01 at cover.[1] Petitioner then initiated the instant federal application for writ of habeas corpus.

## II.
## PETITIONER'S GROUNDS

In this federal petition for habeas corpus relief, petitioner alleges the revocation of his deferred adjudication probation and adjudication of guilt violated his federal constitutional rights because:

1. An unreliable identification of petitioner violated his due process rights;

2. Newly discovered as well as existing evidence support witness perjury and thus the entire revocation proceeding was tainted;

3. Newly discovered information about petitioner's actual innocence exists; and

4. Petitioner received ineffective assistance of counsel.

## III.
## AEDPA LIMITATIONS PERIOD

Pursuant to 28 U.S.C. § 2244(d)(1), effective April 24, 1996, a one-year limitation period

---

[1] *See* Respondent DRETKE's Motion to Dismiss for a more detailed procedural history in this case.

applies to applications for writs of habeas corpus by persons in custody pursuant to a state court judgment. Petitioner's May 10, 2000 deferred adjudication probation revocation and adjudication of guilt, herein challenged, occurred after the effective date of the statute. Consequently, the limitation period applies in this case. Petitioner thus had one-year from the date of revocation, subject to any applicable tolling, to file a federal habeas petition challenging the revocation of his deferred adjudication probation.

The limitations period set forth in 28 U.S.C. § 2244(d)(1), which was added by the Anti-Terrorism and Effective Death Penalty Act of 1996, (hereinafter AEDPA) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one year period commenced when petitioner was aware of, or when with due diligence should have been aware of, the predicate facts of the claims presented. *LaFonso v.*

*Cockrell*, No. CIV.A3:02-2259-G, 2003 WL 22080720, at *3 (N.D.Tex. March 10, 2003). Petitioner BARROW's claims are limited to complaints about his adjudication proceeding. The Texas Seventh Court of Appeals affirmed petitioner's sentence on June 4, 2001. *Barrow v. State*, slip op. at cover. Petitioner admits he failed to file a petition for discretionary review (PDR) which was required to be filed within thirty (30) days after the judgment of the court of appeals was entered, or no later than July 5, 2001. TEX. R. APP. P. 68.2(a) (West 2000).[2] Therefore, for AEDPA purposes, petitioner's conviction became final on July 5, 2001 and he had one year from that date, or until July 5, 2002, in which to file his federal habeas petition. Petitioner did not file his state habeas petition until August 23, 2002. Therefore, petitioner is not entitled to statutory tolling. Petitioner BARROW's federal writ of habeas corpus petition, filed on or about August 7, 2003, falls outside the statutory limitations period and is time barred.

Petitioner BARROW filed, on March 15, 2006, a Reply in Opposition to Respondent Dretke's Motion to Dismiss Petition as Time Barred. Petitioner has recited much evidence that undercover narcotics agent Tom Coleman, who testified at petitioner's revocation hearing that petitioner sold him marijuana, testified falsely and was later found guilty of perjury. Petitioner first argues this was newly discovered evidence not available to him until May 2003 when a judge, Judge Ron Chapman, issued extensive Findings of Fact and Conclusions of Law in a related Tulia drug case. As articulated by respondent however, there is no indication petitioner could not have discovered the factual predicate of this claim before the limitations period expired. Specifically, this "new" evidence was available before July 5, 2002. Petitioner relies on

---

[2] Petitioner BARROW's PDR was actually due July 4, 2001 but because such date was a national holiday, he would have had until July 5, 2001.

the affidavit of Elijah Kelley, executed June 12, 2000, to support his claim of actual innocence. Additionally, petitioner cites to an article about Tom Coleman published in the Texas Observer on June 23, 2000. (Petitioner's Brief at 13). Clearly, this information was available in the public domain and accessible to petitioner prior to the expiration of the limitations period.

Petitioner next argues he is entitled to equitable tolling. Again, as argued by respondent, petitioner has not presented facts which would demonstrate rare and exceptional circumstances to warrant application of the equitable tolling doctrine. In addition to delivery of marijuana, petitioner's probation was also revoked for failing to pay his costs, fine and probation fees, a deficiency he had been on notice of since at least February 11, 1999 when a Motion to Proceed with the Adjudication of Guilt was filed by the State. (Respondent's Motion to Dismiss at 2). Further, while petitioner claims he is actually innocent of the drug charge, this does not constitute a rare and exceptional circumstance. *See Felder v. Johnson*, 204 F.3d 168, 171 & n. 8 (5th Cir.), *cert. denied* 531 U.S. 1035 (2000). Petitioner is not entitled to equitable tolling.

For the above reasons, the undersigned Magistrate Judge finds petitioner's federal habeas corpus application is time barred and should be dismissed.

## IV.
## RECOMMENDATION

It is the recommendation of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MANDIS BARROW is time barred and should be DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of March 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).